**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARY HARMON individually and as next of friend of E.J., a minor | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, LINDA BOUNDS, RUTH MALVEAUX AND BARBARA HARDEMAN | § § § § § § | CIVIL ACTION No. 1-12-CV-571 |
| *Defendants*. | § § § § § | JUDGE RON CLARK |

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

Plaintiff Mary Harmon filed suit individually, and on behalf of her grandson E.J., against Defendants Beaumont Independent School District ("BISD"), teachers Linda Bounds and Ruth Malveaux, and principal Barbara Hardeman arising out of Bounds's use of corporal punishment against E.J., which was allegedly conducted without Harmon's permission. Harmon brings claims individually under 42 U.S.C. § 1983 for substantive and procedural due process violations based on Defendants' alleged interference in her relationship with her grandson as well as a First Amendment claim of retaliation on the grounds that Defendants retaliated against her when she refused to permit the use of corporal punishment against E.J. Harmon also asserts claims on behalf of E.J. under Section 1983, alleging he was deprived of his property interest in his public education, as well as a state law claim alleging assault and/or excessive corporal punishment.

1

Pending now before the court is Defendants' motion for partial dismissal on the grounds that Plaintiff's individual Section 1983 claims were not filed within the applicable statute of limitations period. [Doc. # 4]. Plaintiff failed to file a timely response.[1] The court **GRANTS IN PART** Defendants' motion for partial dismissal [Doc. # 4]. Plaintiff's individual Fourteenth Amendment claim is based entirely on Defendants' use of corporal punishment against her grandson E.J., injuries which occurred outside the limitations period. As to Plaintiff's First Amendment retaliation claim, to the extent Plaintiff's claim is based on Defendant's use of corporal punishment against E.J. in retaliation for her refusal to allow this type of discipline, this claim is also barred by the limitations period. To the extent, however, that school employees' actions after the corporal punishment incident form the basis for Harmon's First Amendment claim, this claim is not barred by the statute of limitations.

## I. BACKGROUND

Minor E.J. is an eight year old learning disabled child who attended Bingham Blanchette Elementary School ("BES")[2] for the 2010-2011 school year. On November 12, 2010, Plaintiff Mary Harmon picked up E.J. after school and, shortly thereafter noticed that E.J. was in "pain and mental distress" during the car ride home. When Harmon inquired, E.J. allegedly told Harmon that his physical education teacher Defendant Linda Bounds paddled him five times during class that afternoon with a heavy, wooden bat. After examining E.J.'s bruises, Harmon

---

[1] One month after the response deadline, Plaintiff filed an unopposed motion for leave to file a response to Defendant's motion to dismiss. [Doc. # 8]. The court will grant the motion and consider Plaintiff's untimely response.

[2] Bingham Blanchette Elementary School is located within the Beaumont Independent School District.

called 911 to report the alleged assault. The 911 operator, however, allegedly refused to send a police officer to investigate unless Harmon had paperwork proving that she did not give the school the right to administer corporal punishment. Harmon subsequently went to the school's main office to inform Principal Hardeman of the incident and obtain a copy of the annual registration form she had allegedly signed, which denied school district employees the right to use corporal punishment against E.J.

While at BES, Harmon ran into Bounds and E.J.'s classroom teacher Malveaux who informed her that E.J. and the other boys had been "cutting up" in class, and Malveaux had given Bounds permission to paddle E.J. Harmon informed Bounds and Malveaux that she had never given permission for corporal punishment to be used on E.J., primarily because of his bipolar disorder and learning disabilities. When Malveaux and Bounds appeared unsympathetic, Harmon alleges that she left BES "distressed and concerned that the teachers had obviously intended to interfere with and harm the carefully built relationship she had established with her disabled grandson, clearly because of her refusal to permit the teachers to administer corporal punishment without her approval." [Doc. # 1 ¶ 58]. Harmon decided to keep E.J. home from school the next day, and, because his injuries had not improved, took E.J. to the emergency room on November 14, two days after the incident.

During the first week of December 2010, Harmon met with BISD Deputy Superintendent Dr. Shirley Bonton and Principal Hardeman to discuss the incident. During this meeting, Hardeman allegedly approved Bounds' and Malveaux actions stating that Harmon had given Malveaux permission to use corporal punishment. After Harmon disputed this statement, it became apparent that Harmon had actually opted out of corporal punishment at E.J.'s former

elementary school Price, which is located with the BISD. Harmon asserts that this form should be contained in his transfer paperwork, however, no such form was ever located. According to Harmon, BES had never given her any form regarding permission or denial of permission to use corporal punishment and, Hardeman admitted that these pertinent registration forms were never sent to BES parents. Although BISD officers allegedly reported the incident to the Jefferson County District Attorney's office, presumably at Harmon's request, the District Attorney declined to prosecute the case. E.J. no longer attends BES.

On November 30, 2012, Harmon filed suit against Defendants. Although Plaintiff's complaint is far from a model of clarity, it appears Plaintiff in her individual capacity asserts claims under Section 1983 for Fourteenth Amendment violations based on Defendants alleged interference with her relationship with her grandson. Harmon also brings a First Amendment retaliation claim alleging that Defendants retaliated against her because she refused to authorize the use of corporal punishment against E.J. Harmon also brings claims on behalf of E.J. for Defendants' violation of his property right in his public education as well as state law claims for assault and/or excessive corporal punishment. Defendants move to dismiss Harmon's claims made in her individual capacity on the grounds that they were filed after the two year statute of limitations period.

## II. STANDARD OF REVIEW

Defendants move for dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." When ruling on a Rule 12(b)(6) motion, the court may consider only the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540

F.3d 333, 338 (5th Cir. 2008).

Once a claim has been adequately stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969 (2007) *see also Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (quoting *Twombly*). As the Supreme Court recently explained,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

### III. DISCUSSION

The limitations period for a claim brought under Section 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, the statute of limitations for personal injury claims is "two years after the day the cause of action accrues". Tex. Civ. Prac. & Rem. Code 16.003(a). Accrual of a Section 1983 claim is governed by federal law and, "[u]nder federal law, the limitations period begins to run "the moment the plaintiff becomes aware that he has sufficient information to know that he has been injured." *Piotrowski*, 237 F.3d at 576 (internal quotations omitted).

Defendants assert that Harmon's claims brought in her individual capacity are barred by the limitations period as she filed suit on November 30, 2012, two years and eighteen days after

5

Bounds administered corporal punishment against E.J. Plaintiff does not dispute the applicable statute of limitations period but asserts that "[t]he causes of action against Defendants arose from facts which accrued on and continued to re-accrue after December 2, 2010 through on or about February 2011." [Doc. # 9 at 6]. In support of this assertion, Plaintiff cites to a December 2, 2010 meeting with Principal Hardeman where Hardeman claimed the "do not administer corporal punishment" form was not present in E.J.'s file and the decision of the District Attorney on December 8, 2010 not to prosecute Bounds. Harmon also cites January 2011 incidents not contained in her complaint in which Principal Hardeman allegedly called Harmon's employer falsely claiming that Harmon had threatened Bounds. Approximately two weeks later Bounds walked over to Harmon's school bus which was parked in front of BES waiting for students and "ominously stared" at Harmon, causing Harmon to fear for her life.

Harmon's individual cause of action for interference with her relationship with E.J., arises wholly out of Bounds' use of corporal punishment against E.J. without her permission, which occurred on November 12, 2010, outside the limitations period. Although some events occurred within the limitations period such as BES's failure to find the "do not administer corporal punishment form", the District Attorney's decision not to prosecute, Hardeman's alleged false accusations, and Bounds's alleged threatening behavior, none of these facts form the basis of Harmon's asserted injury for Defendant's alleged interference with Harmon's relationship with her grandson.[3] To the extent Harmon's First Amendment retaliation claim is

---

[3]Even if the statute of limitations did not apply, the court is not convinced that the facts alleged in Plaintiff's complaint form the basis of a Fourteenth Amendment violation. The court is aware of no Fifth Circuit authority for a property or liberty interest in a relationship with a family member.

also based on Defendant's use of corporal punishment against E.J. in retaliation for her refusal, this claim is also barred by the limitations period. To the extent, however, that BES employees' subsequent actions allegedly committed in retaliation for Harmon opposing Bounds' use of corporal punishment—ie. Hardeman's alleged false accusations and Bounds's alleged threatening behavior— form the basis of her First Amendment claim, this claim is not barred by the statute of limitations as the events giving rise to the claim occurred within the limitations period. Accordingly, the court GRANT's IN PART Defendant's motion for partial dismissal as to Harmon's Fourteenth Amendment claim brought in her individual capacity.

So **ORDERED** and **SIGNED** this **1** day of **May, 2013.**

_____
Ron Clark, United States District Judge